UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PAULA ANN PALLILO,

                              Plaintiff,                  **Hon. Hugh B. Scott**

                              v.                          **17CV1294**

                                                        **CONSENT**

COMMISSIONER,                              **Order**

                              Defendant.

Before the Court are the parties' respective motions for judgment on the pleadings (Docket Nos. 11 (plaintiff), 14 (defendant Commissioner)).

## INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security that plaintiff is not disabled and, therefore, is not entitled to disability insurance benefits and/or Supplemental Security Income benefits.

## PROCEDURAL BACKGROUND

References noted as "[R. __]" are to the certified record of the administrative proceedings, filed with this Court (Docket No. 9).

The plaintiff ("Paula Ann Pallilo" or "plaintiff") filed an application for disability insurance benefits on March 27, 2014, for Supplemental Security Income and April 15, 2014, for disability [R. 12]. That application was denied initially. The plaintiff appeared before an Administrative Law Judge ("ALJ"), who considered the case de novo and concluded, in a written

decision dated August 24, 2016, that the plaintiff was not disabled within the meaning of the Social Security Act. The ALJ's decision became the final decision of the Commissioner on October 25, 2017, when the Appeals Council denied plaintiff's request for review.

Plaintiff commenced this action on December 12, 2017 (Docket No. 1). The parties moved for judgment on the pleadings (Docket Nos. 11, 14), and plaintiff duly replied (Docket No. 15). This case was scheduled for oral argument and a status conference on January 10, 2019 (Docket No. 16), but due to the failure to enact appropriations, the proceedings were stayed (Docket No. 17). Upon further consideration, this Court then determined that the motions could be decided on the papers.

## FACTUAL BACKGROUND

Plaintiff, a 54-year-old (as of the claimed onset date of February 1, 2013) with a high school education, last worked as an assistant manager and a sales clerk. The vocational expert here later concluded that plaintiff was able to perform her past work as an assistant manager or as a sales clerk, both performed at medium exertion level. Plaintiff claims the following impairments deemed by the Administrative Law Judge to be severe: hernia, history of bowel resection, and degenerative disc disease.

## MEDICAL AND VOCATIONAL EVIDENCE

The ALJ then found that plaintiff had a residual functional capacity to perform light work that can be done in all postures, but plaintiff required to be near bathrooms [R. 16]. With this capacity, the vocational expert opined that a hypothetical claimant like plaintiff could work as an administrative clerk [R. 20] as well as return to plaintiff's prior work as either a sales clerk or

2

assistant manager [see R. 19]. Accepting this opinion, the ALJ found that plaintiff was not disabled [R. 20].

## DISCUSSION

The only issue to be determined by this Court is whether the ALJ's decision that the plaintiff was not under a disability is supported by substantial evidence. See 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938)).

*Standard*

For purposes of both Social Security Insurance and disability insurance benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The plaintiff bears the initial burden of showing that the impairment prevents the claimant from returning to his or her previous type of employment. Berry v. Schweiker,

675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

In order to determine whether the plaintiff is suffering from a disability, the ALJ must employ a five-step inquiry:

(1) whether the plaintiff is currently working;

(2) whether the plaintiff suffers from a severe impairment;

(3) whether the impairment is listed in Appendix 1 of the relevant regulations;

(4) whether the impairment prevents the plaintiff from continuing past relevant work; and

(5) whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; Berry, supra, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). However, it should be noted that the ALJ has an affirmative duty to fully develop the record. Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

In order to determine whether an admitted impairment prevents a claimant from performing past work, the ALJ is required to review the plaintiff's residual functional capacity and the physical and mental demands of the work that has done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). When the plaintiff's impairment is a mental one, special "care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g. speed, precision, complexity of tasks, independent judgments,

4

working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work." See Social Security Ruling 82-62 (1982); Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994). The ALJ must then determine the individual's ability to return to past relevant work given the claimant's residual functional capacity. Washington, supra, 37 F.3d at 1442.

*Application*

In the instant case, the issue is whether the ALJ had substantial evidence to support the decision rendered denying disability coverage. At Step Four of the five-step analysis, plaintiff objects to the limited weight given by the ALJ to the opinion of her treating source, Dr. Ronald Clarke. On June 26, 2016, Dr. Clarke filed a physical functional capacity form [R. 314] and determined that plaintiff could lift less than 10 pounds and required her to sit and stand or walk restrictions during a workday ([R. 314-17]; Docket No. 11, Pl. Memo. at 4). Dr. Clarke cites plaintiff's abdominal hernia as the cause for her limitations [R. 314-15].

The ALJ found that, on October 2013, Dr. Clarke noted that plaintiff could still perform her usual daily activities and had a normal level of movement [R. 17, 270]. The ALJ also noted that plaintiff had unremarkable abdominal examination [R. 17, 271]. Despite what the ALJ termed "mild clinical findings," Dr. Clarke prescribed Naposyn and Hydrocodone [R. 17, 287, 339].

Plaintiff argues that the ALJ is not an expert to interpret medical examination findings (Docket No. 11, Pl. Memo. at 9), Cestare v. Colvin, No. 15CV6045, 2016 WL 8360882, at *2 (W.D.N.Y. Mar. 4, 2016) (Payson, Mag. J.), or raw medical data, Trankle v. Berryhill,

No. 16CV846, 2017 WL 5988046, at *5 (W.D.N.Y. Dec. 4, 2017) (Geraci, Ch. J.) (citation omitted).

Defendant Commissioner responds that the ALJ alone makes the residual functional capacity assessment (No. 14, Def. Memo. at 12). Furthermore, the ALJ's treatment of Dr. Clarke's opinion is supported by the earlier opinion of consultative examiner, Dr. Schwab (id. at 13). Defendant notes that the two doctors' examination findings were consistent (id. at 14). Plaintiff replies, however, that Dr. Schwab's opinion was stale (Docket No. 15, Pl. Reply Memo. at 6) and thus should be disregarded.

This Court reviewed Dr. Clarke's opinion [R. 314-17] with his medical record of plaintiff's examinations from July 2014 to April 2016 [R. 307-08, 310-11, 318-19, 320-21, 323-24, 325-26, 343-44]. The examination reports indicated that plaintiff did not complain of abdominal pain, and in each examination Dr. Clarke found that plaintiff's abdomen was "soft, nontender, and nondistended" and without manifestation of hernia [e.g., R. 307-08, 343-44]. Putting to one side Dr. Schwab's earlier examination, it is not clear for the basis of Dr. Clarke's contrary opinion about plaintiff's limitations. Thus, the objective medical record did not support Dr. Clarke's limitations opinion.

Plaintiff also argues that the ALJ erred in weighing plaintiff's credibility for her subjective complaints. She testified that plaintiff limited her driving to going to and from the store and she walked only up to four blocks (Docket No. 11, Pl. Memo. at 5; [R. 37, 40, 16 (ALJ noting plaintiff walked only two blocks)]). Plaintiff said she stopped working in 2008 due to surgery to her pancreas and spleen and later surgery on her gall bladder ([R. 40]; Docket No. 11, at 5). Plaintiff stated her bowel was resected and she had to use the bathroom several times a

6

day as a result [R. 16]. Plaintiff argues that the ALJ did not apply relevant regulatory factors in assessing her credibility (Docket No 11, Pl. Memo. at 11), Hughes v. Colvin, No. 15CV181, 2017 WL 1088259, at *34 (W.D.N.Y. Mar. 23, 2017) (Skretny, J.). Plaintiff's allegations need to be consistent with the medical evidence, and not substantiated by that evidence (id.), Hughes supra, 2017 WL 1088259, at *4. Plaintiff then faults the ALJ for not applying the regulatory factors in assessing her credibility (id.). In reply, plaintiff notes that the ALJ never assessed her activities against her complaints.

The ALJ, however, found no support for plaintiff's claimed limitations for hernia and degenerative disc disease [R. 16]. The ALJ concluded that plaintiff's statements were not entirely consistent with the medical and other evidence [R. 17, 19], then reviewing the medical evidence of record [R. 16-19], concluding that there were no objective clinical findings about plaintiff's ability to walk, stand or sit [R. 19].

Credibility determinations are reserved to defendant Commissioner and not to this Court, Hughes, supra, No. 15CV181, 2017 WL 1088259, at *3. Assessment of the plaintiff's credibility includes that any genuine conflict in the medical record is for the Commissioner to resolve and this Court must give special deference to the credibility determinations of the ALJ who observed witness's demeanor, id. at *4 (citations omitted). When a claimant's statements about their symptoms are not substantiated by objective medical evidence, the ALJ makes the credibility finding, with any genuine conflict in the medical record is for the Commissioner to resolve and this Court must give special deference to the credibility determinations of the ALJ who observed witness's demeanor, id. at *4 (citations omitted). If the claimant's contentions are not supported by objective medical evidence, the ALJ has to consider factors, such as the

7

claimant's daily activities; the location, duration, frequency, and intensity of the pain; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any mediation taken to alleviate the pain; any treatment, other than medication, that the claimant has received; any other measures taken to relieve pain; and other factors concerning the claimant's functional limitations and restrictions as a result of the pain, id.

Here, the threshold consideration was whether objective medical record substantiates plaintiff's subjective complaints. It is not clear how Dr. Clarke arrived at plaintiff's ability to work assessment despite contrary examination records. Without substantiation by objective medical evidence, the ALJ then had to consider the factors for assessing plaintiff's credibility. The ALJ did not expressly consider any of the factors just stated (such as precipitating and aggravating factors, medication taken and their side effects, other treatment or measures used to alleviate pain). Instead, the ALJ relied upon the absence of objective medical evidence to conclude that plaintiff was not credible. **This is in error.** This case is **remanded** for proper assessment of the factors in determining plaintiff's credibility.

## CONCLUSION

For the foregoing reasons, plaintiff's motion (Docket No. 11) judgment on the pleadings is **granted**, and defendant's motion (Docket No. 14) for judgment on the pleadings is **denied**. Thus, the decision of the defendant Commissioner is **vacated and remanded** for further proceedings consistent with the above decision to find additional facts, pursuant to sentence four of 42 U.S.C. § 405(g), see Curry v. Apfel, 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of the Court shall close this case.

So Ordered.

_s/Hugh B. Scott_
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
January 28, 2019